MARK ROBERT HADDON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haddon
Docket No. 15684-91
United States Tax Court
T.C. Memo 1993-7; 1993 Tax Ct. Memo LEXIS 16; 65 T.C.M. (CCH) 1714; January 7, 1993, Filed *16 Decision will be entered for respondent. Mark Robert Haddon, pro se. For Respondent: Elaine Sierra. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180-182. [1] Respondent determined a deficiency in petitioner's Federal income tax for 1985 in the amount of $ 1,938, plus additions to tax under section 6651(a)(1) in the amount of $ 476.50, section 6653(a)(1) [2] in the amount of $ 96.90, section 6653(a)(2) in the amount of 50 percent of the interest due on the entire deficiency, and section 6654(a) in the amount of $ 108. *17 Petitioner does not dispute the amount of his tax liability or that he failed to pay estimated taxes during 1985. The issues to be decided are: (1) Whether petitioner filed a tax return for the taxable year 1985 and paid his tax liability in full, and (2) whether petitioner is liable for the additions to tax. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in La Verne, California, at the time of the filing of the petition in this case. Petitioner bears the burden of showing that respondent's determinations are erroneous. Rule 142(a); . During 1985, petitioner was a 50 percent partner in a partnership called One Day Radiator Service (hereafter referred to as One Day), a car radiator repair business. In addition to being a partner in One Day, petitioner also worked at One Day. One Day filed a Form 1065 information return for 1985 on April 15, 1986, reporting petitioner's distributive share of ordinary income as $ 9,339.50. For 1985, petitioner also received wages in the amount of $ 330. *18 Petitioner testified that One Days's accountant, Mr. Thomas Talcott, prepared his individual return and simultaneously delivered both his individual return and the partnership return to One Day. As petitioner was working at One Day, he received the return upon delivery. Subsequently, petitioner allegedly signed the return, attached a check for $ 1,938 drawn on his Bank of Arizona[3] account, and mailed the return to respondent on April 15, 1986 (the same day the partnership return was mailed). Petitioner did not place the return in a mailbox; rather, it was allegedly part of the mail the mailman picked up on his daily collection from One Day. Thus, petitioner contends that he timely filed his return and paid the taxes owed to the Federal government. Respondent's transcript of petitioner's 1985 account, dated June 21, 1992, indicated that no return or payments were received from petitioner for the 1985 tax year. Respondent's *19 notice of deficiency has the presumption of correctness. Although petitioner firmly believes he filed a timely tax return for 1985, petitioner failed to present any documentary evidence, such as cancelled checks or bank statements, which would substantiate his claimed payment to respondent.[4] Moreover, petitioner also failed to present copies of the return allegedly filed or convincing proof of such alleged filing. On this record, we must conclude that petitioner's uncorroborated testimony fails to satisfy his burden of proof. Accordingly, petitioner is liable for the deficiency in tax. *20 Section 6651(a)(1) provides for an addition to tax in case of failure to file an income tax return on the date prescribed therefor, unless it is shown that such failure is due to reasonable cause and not willful neglect. . Petitioner's 1985 Federal income tax return was due April 15, 1986. As we have found petitioner failed to timely file his 1985 tax return and no reasonable cause for the failure to timely file has been shown, the addition to tax under section 6651(a)(1) is sustained. Section 6653(a)(1) and (2) impose additions to tax for negligence or intentional disregard of rules or regulations. Negligence, under section 6653(a), is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner also has the burden of proof on this issue. . We have held that the failure to file a return without reasonable cause is a prima facie case of negligence. , *21 affd. . Accordingly, in view of the fact that we have held that petitioner failed to timely file his 1985 return without reasonable cause, it follows that he is also liable for the additions to tax for negligence. Finally, section 6654(a) imposes an addition to tax for any underpayment of estimated tax by an individual. Petitioner did not file a return for 1985 and conceded that he did not make any prepayments of tax, either through withholding or estimated quarterly tax payments during 1985. Petitioner has failed to show that he falls within any of the exceptions provided for in section 6654(e). See . We therefore sustain the addition to tax under section 6654(a). To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the notice of deficiency, respondent erroneously determined additions to tax under sec. 6653(a)(1)(A) and (B). This section was first applicable to returns the due date for which (determined without regard to extensions) was after December 31, 1986. The applicable negligence section for 1985 is sec. 6653(a)(1) and (2).↩
3. According to petitioner, the Bank of Arizona was subsequently acquired by the Bank of America.↩
4. Moreover, petitioner was granted a continuance to another trial calendar so as to give him an opportunity to subpoena his bank records to substantiate his claimed payment to respondent. On December 3, 1992, the parties informed the Court that petitioner was unable to obtain additional bank records and that no further trial was necessary. Accordingly, the record was closed on that date.↩